Filed 11/15/21  P. v. Mariscal CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GERARDO GARCIA MARISCAL,<br><br>    Defendant and Appellant. | 2d Crim. No. B311259<br>(Super. Ct. No. 2010028681)<br>(Ventura County) |

Gerardo Garcia Mariscal appeals from the trial court's denial of his petition for resentencing (Pen. Code, § 1170.95).[1]  He contends there was insufficient evidence he acted with reckless indifference to human life.  We affirm.

### FACTUAL AND PROCEDURAL HISTORY
#### *Murder of Uriel Bucio*

Uriel Bucio worked at a used car dealership.  He was often accompanied there by his 10-year-old son, Uriel, Jr.

---

[1] Subsequent statutory references are to the Penal Code.

Mariscal frequently "hung around" the dealership.

In December 2008, Mariscal believed that Bucio would possess $30,000 to $50,000 in cash to buy cars for the dealership. Mariscal recruited Miguel Gonzalez Pena to rob Bucio at the dealership. Mariscal provided Pena with a loaded handgun. Pena told Mariscal, "[I]f he tries to get away, he dies."

Mariscal and Pena exchanged calls minutes before the murder from locations near the dealership. Mariscal went with Pena and waited while Pena "did the job."

Pena wore a piece of cloth over his face, glasses, and gloves. He pointed the handgun at Bucio and ordered him and his son to lie on the ground. Pena searched Bucio's truck for the money. Bucio told Pena, "I know who you are." Pena then shot Bucio in front of Uriel, Jr.

Pena ran away with $5,000 he took from Bucio. When a policeman and a fireman went by, Mariscal gave Pena "the heads up to go to [Pena's] truck."

Meanwhile, Uriel, Jr. climbed through a window of the dealership and phoned his mother. After police and family members arrived, Bucio was taken to the hospital and underwent surgery. He died of a single gunshot wound.

Pena did not know he killed Bucio until Mariscal told him the next day. Pena gave the gun back to Mariscal, who traded it to a "dude . . . from . . . Colonia" in exchange for some rims for his car.

Mariscal and Pena each discussed the crime with an informant in separate recorded conversations. Mariscal said he told Pena not to kill Bucio. Pena said that after Bucio recognized him, he "didn't have any choice" but to shoot him.

### *2010 Robbery*

In July 2010, Mariscal, Pena, and three others robbed a group raising funds at a barbeque. Mariscal and the other participants carried guns and wore ski masks. At gunpoint, Mariscal and Pena ordered the group, including a small boy, onto the ground. One of the robbers took two suitcases he thought would contain half a million dollars, but which contained only paper.

### *Guilty plea and sentence*

Mariscal pled guilty to first degree felony murder in the commission of a robbery. (§§ 187, subd. (a), 189, subd. (a), 190.2, subd. (a)(17)(A).) He admitted furnishing a firearm to aid and abet the robbery. (§ 12022.4.) He also pled guilty to the 2010 second degree robbery and admitted he personally used a firearm in its commission. (§§ 211, 12022.53, subd. (b).)

The trial court sentenced Mariscal to 26 years to life for the murder and a concurrent term of 15 years for the 2010 robbery.

### *Section 1170.95 proceedings*

In 2020, Mariscal filed a petition for resentencing. The court appointed counsel, issued an order to show cause, received briefing, and conducted a contested evidentiary hearing. (§ 1170.95, subds. (c), (d)(1).)

The court considered our opinion affirming the murder and robbery convictions of codefendant Pena (*People v. Pena* (Oct. 25, 2016, B266438) [nonpub. opn.]), the transcript of the preliminary hearing, the transcript of Pena's court trial, exhibits from Pena's trial including transcripts of conversations with the informant, and cell phone records. Three witnesses testified at the hearing.

The trial court denied the petition, finding that Mariscal was a major participant in the murder who acted with reckless indifference to human life.

**DISCUSSION**

In 2018, the Legislature enacted Senate Bill No. 1437 (S.B. 1437), which redefined "malice" and limited application of the felony murder rule. (Stats. 2018, ch. 1015, §§ 2, 3, amending Pen. Code, §§ 188, 189.) S.B. 1437 also added section 1170.95, which provides for a petition to vacate a murder conviction where the defendant could not be convicted of murder based on the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4.)

S.B. 1437 narrowed the classes of persons liable for felony murder to "the actual killer," those who aided and abetted the killer with intent to kill, and "a major participant in the underlying felony [who] acted with reckless indifference to human life." (§ 189, subd. (e).)

"Reckless indifference to human life 'requires the defendant be "*subjectively* aware that [their] participation in the felony involved a grave risk of death."' [Citations.]" (*People v. Banks* (2015) 61 Cal.4th 788, 807 (*Banks*).) Reckless indifference "encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim, even if the defendant does not specifically desire that death as the outcome of his actions." (*People v. Clark* (2016) 63 Cal.4th 522, 617 (*Clark*).)

In *Clark*, our Supreme Court listed factors to consider to determine whether a participant acted with reckless indifference to human life: (1) knowledge that a gun will be used, defendant's own use of weapons, and the number of weapons; (2) the defendant's physical presence at the crime and opportunities to restrain the crime and/or aid the victim; (3) the duration of the

crime; (4) the defendant's knowledge of a cohort's likelihood of killing; and (5) the defendant's efforts to minimize the risks of violence. (*Clark*, *supra*, 63 Cal.4th at pp. 618-622.) The above factors are neither individually necessary nor sufficient. (*Id.* at p. 618.) The totality of the circumstances must be considered to determine whether Mariscal acted with reckless indifference to human life. (*In re Scoggins* (2020) 9 Cal.5th 667, 677.)

At the evidentiary hearing, the trial court acts as an independent fact finder. (See *People v. Clements* (2021) 60 Cal.App.5th 597, 613-617, review granted Apr. 28, 2021, S267624.) We review the trial court's findings for substantial evidence. (*Id.* at p. 618.) "[W]e review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. . . . We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

Substantial evidence of two of the *Clark* factors clearly support the trial court's finding of reckless indifference. Mariscal knew a loaded gun would be used and provided it to Pena. He knew Pena planned to kill Bucio if he tried to escape. The trial court properly found that the duration of the crime was neutral—the victim did not immediately turn over the money, but it was not a hostage situation. One factor weighs against a finding of reckless indifference: Mariscal claims he told Pena not to kill Bucio.

Substantial evidence also supports the trial court's conclusion that Mariscal was close enough to the shooting that he

5

could have assisted Bucio. Mariscal's proximity was supported by cell phone records, Mariscal's and Pena's statements that Mariscal went with Pena and waited for him, Mariscal's warning when a policeman and fireman went by, and his knowledge of details of the crime that Pena did not know.

Here, as in *People v. Williams* (2020) 57 Cal.App.5th 652, 664, "the superior court could reasonably infer he did not call for assistance or attempt to render aid to the victim who did not die at the scene of the shooting. [Fn. omitted.]" This case is unlike *In re Taylor* (2019) 34 Cal.App.5th 543, 559, in which the defendant did not drive away from the gunshot victim until he knew that help was arriving.

Evidence of Mariscal's behavior after the murder also supports the finding of reckless indifference to human life, even if it would be insufficient standing alone. (*In re Taylor*, *supra*, 34 Cal.App.5th at p. 560.) Mariscal traded the murder weapon for rims for his car. He giggled and laughed when describing the crime, including during his statement that Bucio's 10-year-old son was present during the murder. He later participated in another armed robbery, without changing the method to reduce the risk of more killings. (*People v. Douglas* (2020) 56 Cal.App.5th 1, 10-11.)

Mariscal does not dispute that he was a major participant in the robbery of Bucio. We nevertheless consider the major participant factors listed in *Banks* because they "'significantly overlap'" with the factors for reckless indifference to human life. (*Clark*, *supra*, 63 Cal.4th at pp. 614-615 ["'the greater the defendant's participation in the felony murder, the more likely that he acted with reckless indifference to human life'"].)

6

The major participant factors listed in *Banks* are: "What role did the defendant have in planning the criminal enterprise that led to one or more deaths? What role did the defendant have in supplying or using lethal weapons? What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants? Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death? What did the defendant do after lethal force was used? No one of these considerations is necessary, nor is any one of them necessarily sufficient." (*Banks*, *supra*, 61 Cal.4th at p. 803, fn. omitted.)

Evidence of the *Banks* factors provides further support for the finding of reckless indifference here. Mariscal was the "mastermind" of the robbery, recruited Pena to commit it, and provided the murder weapon. He knew Pena was willing to kill. He was near the robbery but did nothing to assist the victim. He laughed when describing the murder and participated in another armed robbery less than two years later.

Substantial evidence supports the trial court's determination that Mariscal acted with reckless indifference to human life. We therefore affirm the denial of the petition for resentencing.

7

## DISPOSITION

The trial court's order denying Mariscal's petition for resentencing pursuant to section 1170.95, entered January 26, 2021, is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

Derek D. Malan, Judge

Superior Court County of Ventura

_____

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.